UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60464-VALLE

STEVEN BUTLER,

    Plaintiff,

v.

STATE OF FLORIDA,
STATE ATTORNEY'S OFFICE,
BROWARD COUNTY, FLORIDA DEPARTMENT
OF CORRECTIONS, FLORIDA DEPARTMENT OF
LAW ENFORCEMENT, *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

THIS MATTER is before the Court upon *pro se* Plaintiff Steven Butler's Motion for Protective Order and/or to Proceed under Pseudonym[1] (ECF No. 4) (the "Motion"). Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge has been randomly assigned as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment. *See* (ECF No. 2).

Having reviewed the Motion, the record in the case, and being otherwise duly advised, it is hereby **ORDERED AND ADJUDGED** that the Motion is **DENIED** for the reasons set forth below.

---

[1] Plaintiff Steven Butler has filed a separate case in the Middle District of Florida stemming from an arrest on November 27, 2023, after officers allegedly verified Plaintiff's address pursuant to Florida's sexual predator reporting requirements. *See Butler v. Marion Cty.*, No. 25-CV-00001-MMH (M.D. Fla. Apr. 17, 2025). Plaintiff has not sought to proceed anonymously in that action. *See also* (ECF No. 4 at 3) (Plaintiff's reference to litigating matters in multiple jurisdictions, including Sumter and Marion counties).

I.  BACKGROUND

Plaintiff has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint") challenging Florida's sex offender registry statutes.[2]  *See generally* (ECF No. 1).  As a registered sex offender, Plaintiff seeks to proceed using a pseudonym or, alternatively, pursuant to a protective order requiring that his identifying information be sealed or otherwise protected from public disclosure, including from media and the case docket.  *See generally* (ECF No. 4); *see, e.g., Does v. Swearingen*, No. 18-CV-1731-OrL-41LRH, 2019 WL 4386936, at *1 (M.D. Fla. Sept. 13, 2019) (granting plaintiff's motion to proceed anonymously to challenge Florida's sex offender registry statutes); *Doe v. Swearingen*, No. 18-CV-24145, 2019 WL 95548, at *6 (S.D. Fla. Jan. 3, 2019) (same).

II.  DISCUSSION

A.  Legal Standard

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties."  Fed. R. Civ. P. 10(a).  "This rule serves more than administrative convenience.  It protects the public's legitimate interest in knowing all [] the facts involved, including the identities of the parties."  *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citing *Doe v. Rostker,* 89 F.R.D. 158, 160 (N.D. Cal. 1981)); *Swearingen*, 2019 WL

---

[2] Plaintiff's three-count Complaint alleges: (i) a violation of Plaintiff's civil rights under 42 U.S.C. § 1983 for claims under the ex post facto clause, Fourteenth Amendment due process clause, Fourteenth Amendment equal protection clause, and Eighth Amendment cruel and unusual punishment clause (Count 1); (ii) a *Monell* claim asserting liability against a government/political subdivision (Count II); and (iii) state law tort claims for negligence and wrongful incarceration, among other things (Count III).  *Id.* at 6-8; *see also* (ECF No. 8) (the "Supplement").  Plaintiff's request for relief includes: (i) a declaratory judgment that the retroactive application of the sex offender registry statutes is unconstitutional; (ii) an injunction against enforcement of the statutes; (iii) monetary damages, including compensatory and punitive damages, and attorney's fees and costs; and (iv) modification of the doctrine of qualified immunity. (ECF No. 1 at 8-9).  Plaintiff also seeks a jury trial on the alleged claims.  *Id.* at 10.

95548, at *1; *Does,* 2019 WL 4386936, at *1.  Therefore, there is a strong presumption in favor of parties proceeding in their own names.  *Frank*, 951 F.2d at 322; *Swearingen*, 2019 WL 4386936, at *1.  Additionally, defendants have the right to know the identity of their accusers, as defendants may be subject to embarrassment or fundamental unfairness if they do not.  *See, e.g., Doe v. Smith,* 429 F.3d 706, 710 (7th Cir. 2005) (noting that it was defendant who faced disgrace if the complaint's allegations were substantiated).  As such, the use of fictitious names is disfavored, as "anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Swearingen*, 2019 WL 95548, at *1 (citing *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016)).

The rule, however, is not absolute.  *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011); *Swearingen*, 2019 WL 95548, at *1.  A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Francis*, 631 F.3d at 1315 (quoting *Frank,* 951 F.2d at 323 and *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)); *Swearingen*, 2019 WL 95548, at *1.  In evaluating whether a plaintiff has shown that he has such a right, the court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Francis*, 631 F.3d at 1315 (quoting *Frank,* 951 F.2d at 323) (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979)); *Swearingen*, 2019 WL 95548, at *1.  Proceeding anonymously is an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings.  *Fla. Action Comm., Inc. v. Seminole*

*Cnty.*, No. 15-CV-1525-OrL-40GJK, 2016 WL 6080988, at *2 (M.D. Fla. Oct. 18, 2016). Ultimately, "[i]t is within a court's discretion to allow a plaintiff to proceed anonymously." *Swearingen*, 2019 WL 95548, at *1 (citing *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996)).

Most relevant here, the Eleventh Circuit has identified several factors for courts to consider in determining whether a party should be permitted to proceed anonymously, including: (i) whether the party challenges government activity; (ii) whether the party will be "required to disclose information of the utmost intimacy;" (iii) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution; (iv) whether the party is a minor; (v) whether the party will be exposed to physical violence should he proceed in his own name; and (vi) whether proceeding anonymously "pose[s] a unique threat of fundamental unfairness to the defendant." *Francis*, 631 F.3d at 1316. Courts may consider other factors based on the particularities of each case, and no single factor is necessarily dispositive. *See Frank*, 951 F.2d at 323; *see also Freedom from Religion Found., Inc. v. Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) ("No one factor is 'meant to be dispositive;' rather, it is the court's task to 'review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'") (quoting *Francis*, 631 F.3d at 1316).

### B. The Relevant Factors Weigh Against Anonymity

Plaintiff, as a registered sex offender, fears that disclosing his identity in this litigation will subject him to "harassment, threats, and stigmatization from publicly available information." (ECF No. 4 at 2). Plaintiff also asserts that revealing his identity poses a danger

and exposes him to harassment and "vigilantism or other forms of targeted harm." *Id.* Thus, Plaintiff seeks to redact his personal identifying information from court filings. *Id.*

As an initial matter, the record reflects that although Plaintiff filed the instant Motion on the same day as his Complaint, all filings in this case to date include Plaintiff's name and none are filed under a "John Doe" or pseudonym. *See* (ECF Nos. 1, 3). Thus, Plaintiff has already disclosed his identity and this litigation, which is part of the public record. This weighs against Plaintiff's request to litigate this case anonymously. Nonetheless, the undersigned will consider the relevant factors.

Some of the above factors do not apply to Plaintiff's case. For example, Plaintiff is not a minor and, because Defendants have yet to be served in the case, they are unable to show that permitting Plaintiff to proceed anonymously poses a unique threat of fundamental unfairness to them.[3] Thus, these two factors are neutral on whether Plaintiff should be permitted to proceed anonymously.

A third factor may weigh in favor of anonymity. More specifically, upon a liberal reading of the Complaint, Plaintiff is challenging governmental activity by alleging that Florida's sex offender registry statutes violate his constitutional rights. *See generally* (ECF No. 1). Plaintiff has sued the State of Florida, Broward County, the FDOC, and the FDLE. *Id.* However, without more, the fact that Plaintiff is challenging governmental activity does

---

3 Even if Defendants had been served and would have responded to the Motion, based on the allegations in the Complaint, Defendants would likely be unable to show a unique threat of fundamental unfairness were the Court to permit Plaintiff to proceed anonymously. *See, e.g.*, *Swearingen*, 2019 WL 95548, at *1 (concluding that any concerns regarding unfairness are alleviated by stipulated protective order where defendants would know plaintiffs' identity even if they are publicly proceeding anonymously); *see also Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004) (court has an independent duty to determine whether exceptional circumstances justify proceeding anonymously); *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1320 (S.D. Fla. 2020) (determining sua sponte that plaintiff may proceed anonymously).

not necessarily weigh in favor of granting his request for anonymity. *Frank*, 951 F.2d at 324; *Swearingen*, 2019 WL 95548, at *3. Thus, this factor is also neutral when considering whether Plaintiff should proceed anonymously.

The Court next considers whether Plaintiff would be required to disclose information of the utmost intimacy and whether he would be compelled to admit illegal conduct. Plaintiff's status as registered sex offender is already known to the public. *Swearingen*, 2019 WL 95548, at *3; *see also* (ECF No. 3) (plaintiff's concession that his personal identifying information is already Florida's public sex offer registry). Moreover, while there is "[n]o doubt lots of parties would prefer to keep their dispute private," Plaintiff has not demonstrated that this factor weighs in his favor. *Swearingen*, 2019 WL 95548, at *3 (citing *Doe v. Milwaukee Cnty.*, No. 18-CV-503, 2018 WL 3458985, at *1 (E.D. Wis. July 18, 2018)); *cf. Doe v. Medeiros*, No. 20-CV-24357-, 2021 WL 7186841, at *2 (S.D. Fla. Feb. 24, 2021) (permitting plaintiff to proceed anonymously pursuant to statutes protecting victims of sex trafficking where plaintiff would have to disclose matters of utmost intimacy). Plaintiff has also failed to explain how proceeding under his given name would compel him to admit to illegal conduct. *Id.* Here, Plaintiff has already been convicted and sentenced for sex offences such that this litigation does not increase the chances of admitting to illegalities. *See, e.g., Doe v. City of Vero Beach*, No. 19-CV-14212, 2019 WL 4277045, at *3 (S.D. Fla. Sept. 10, 2019) (concluding that plaintiff had already been charged with solicitation of prostitution and risk of additional charges was not factor that favored permitting him to proceed anonymously). Thus, these two factors do not weigh in favor of anonymity.

Additionally, Plaintiff's request for anonymity focuses on whether he will be exposed to physical violence should he proceed under his own name. *See generally* (ECF No. 4). Plaintiff

alleges that he has already suffered "actual death threats, harassment, and severe stigma" and "received threatening communications." (ECF No. 4 at 3, 4). Plaintiff, however, has not submitted particularized evidence to support these allegations. *See, e.g.*, *Fla. Action Comm.*, No. 15-CV-1525-Orl-40GJK, 2016 WL 6080988, at *3 (M.D. Fla. Oct. 18, 2016) (denying protective order to plaintiffs challenging Florida's sex offender laws where plaintiffs failed to produce particularized evidence that they would be subject to violence); *Doe*, 2019 WL 4277045, at *3 (denying motion to proceed anonymously where plaintiff provided no evidence that he personally faced risk of physical harm beyond conclusory and sweeping statements); *but cf.*, *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 638 (M.D. Fla. 2023) (granting motion to proceed anonymously where evidence of actual threats established likelihood of physical violence against plaintiff); *Swearingen*, 2019 WL 4386936, at *2 (granting motion to proceed anonymously in challenge to the constitutionality of Florida's sex offender registry statutes where plaintiff provided evidence of actual physical violence or serious threats to plaintiffs and their families). Here, Plaintiff's conclusory allegations of risk of harm do not support his request to proceed anonymously.

Lastly, the Court considers Plaintiff's argument that although there is public interest in open judicial proceedings, broader legal issues at stake in this case involve the constitutionality of "retroactive sex offender laws," and Plaintiff's personal identity is not critical. *See* (ECF No. 4 at 4). Even if the Court were to accept Plaintiff's argument, it does not tip the scale in his favor. Indeed, in relevant part, the Eleventh Circuit has reiterated that:

> [l]awsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury

litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.

*Frank*, 951 F.2d at 324.

On balance and based on the totality of the circumstances, the Court finds that Plaintiff has failed to show that this is an exceptional case warranting anonymity or that his privacy interests outweigh the heavy presumption favoring open juridical proceedings.  *See Doe v. Ocean Reef Cnty. Ass'n,* No. 19-CV-10138, 2019 WL 5102450, at *4 (S.D. Fla. Oct. 11, 2019); *Swearingen*, 2019 WL 95548, at *2; *Fla. Action Comm.,* 2016 WL 6080988, at *3.

### III.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion (ECF No. 4) is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on June 9, 2025.

*[signature]*

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:   Steven Butler, Pro Se
19348 E. Levy St
Williston, FL 32696

8