**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-CV-60464-AHS/DSW**

**STEVEN BUTLER,**

**Plaintiff,**

**v.**

**STATE OF FLORIDA, et al.,**

**Defendants.**
_______________________________________/

**REPORT AND RECOMMENDATION**
**TO DISMISS CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been assigned to the Honorable Raag Singhal, and the undersigned is assigned to the case in accordance with Administrative Order 2025-11. [ECF Nos. 31, 32]. Upon thorough and careful review of the record, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE** for the reasons outlined below.

On March 11, 2025, Plaintiff filed his Complaint in the above-captioned case, bringing claims for Violation of Civil Rights Under 42 U.S.C. § 1983 (Count I), *Monell* Claim (Count II), and State-Law Tort Claims (Count III). *See* [ECF No. 1]. Plaintiff also sought a declaratory judgment that the retroactive application of the sex offender registry statutes is unconstitutional, an injunction against enforcement of the statutes, and monetary damages. *See id.* On April 15, 2025, Plaintiff filed a "supplement" to the Complaint that did not contain any new causes of action. [ECF No. 8].

On June 9, 2025, the Court struck Plaintiff's Complaint due to several pleading deficiencies, including that (1) Plaintiff improperly sued the State of Florida and other governmental entities who were not subject to suit under § 1983, (2) Plaintiff's § 1983 claim against the State is barred by the Eleventh Amendment, (3) *Monell* limits liability against Broward County, and (4) the Complaint and Supplement are shotgun pleadings. [ECF No. 13].

On August 1, 2025, Plaintiff then filed a Second Amended Complaint ("SAC") in which he purported to bring fifteen claims for relief. [ECF No. 25]. Counts I through XIII were "incorporated from prior filings and retained." *Id.* at 3. Plaintiff further brought Count XIV for ADA/RA against the Florida Department of Corrections, Florida Department of Law Enforcement, and State of Florida and Count XV for a claim under "28 U.S.C. § 1361 and 1651 (Mandamus)." *Id.* at 4. On July 31, 2026, the Court entered an Order Dismissing the Second Amended Complaint without prejudice due to several pleading deficiencies, including that (1) Plaintiff brought claims against Defendants who were immune, not suable or fictitious, (2) and the Second Amended Complaint was a shotgun pleading. [ECF No. 28]. The Court ordered Plaintiff to file an amended complaint on or before September 1, 2026. *Id.* Thereafter, Plaintiff filed a Motion to Stay Proceedings and Deadline to Amend, or Alternatively, Motion for Extension of Time [ECF No. 29]. The Court entered an Order providing Plaintiff with an extension through October 16, 2026, to file an amended complaint. To date, Plaintiff has not filed an amended complaint.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending

cases and to avoid congestion in the' court's calendar so that the court can 'achieve the orderly and expeditious disposition of cases.'" *Acosta*, 2025 WL 3897565, at *2.

The Court has already given Plaintiff the opportunity to file an amended complaint by October 16, 2026, and Plaintiff has still failed to comply with a Court Order. His failure to comply has caused delay in this case. For these reasons, the undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of October 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: Steven Butler, Pro Se
19348 E. Levy Street
Williston, FL 32696