UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60464-CIV-SINGHAL/SHAW-WILDER

STEVEN BUTLER,

Plaintiff,

v.

STATE OF FLORIDA, et al.,

Defendants.
______________________________/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS MATTER** has come before the Court upon Plaintiff's Second Amended Complaint (DE [25]), which was referred to Magistrate Judge Detra Shaw-Wilder for Report and Recommendation. On March 11, 2025, Plaintiff filed his Complaint in the above-captioned case, bringing claims for Violation of Civil Rights Under 42 U.S.C. § 1983 (Count I), *Monell* Claim (Count II), and State-Law Tort Claims (Count III). See (DE [1]). Plaintiff also sought a declaratory judgment that the retroactive application of the sex offender registry statutes is unconstitutional, an injunction against enforcement of the statutes, and monetary damages. *See id*. On April 15, 2025, Plaintiff filed a "supplement" to the Complaint that did not contain any new causes of action. (DE [8]).

On June 9, 2025, the Court struck Plaintiff's Complaint due to several pleading deficiencies, including that (1) Plaintiff improperly sued the State of Florida and other governmental entities who were not subject to suit under § 1983, (2) Plaintiff's § 1983 claim against the State is barred by the Eleventh Amendment, (3) *Monell* limits liability

against Broward County, and (4) the Complaint and Supplement are shotgun pleadings. (DE [13]).

On August 1, 2025, Plaintiff then filed a Second Amended Complaint ("SAC") in which he purported to bring fifteen claims for relief. (DE [25]). Counts I through XIII were "incorporated from prior filings and retained." *Id. at 3*. Plaintiff further brought Count XIV for ADA/RA against the Florida Department of Corrections, Florida Department of Law Enforcement, and State of Florida and Count XV for a claim under "28 U.S.C. § 1361 and 1651 (Mandamus)." *Id.* at 4. On July 31, 2026, the Court entered an Order Dismissing the Second Amended Complaint without prejudice due to several pleading deficiencies, including that (1) Plaintiff brought claims against Defendants who were immune, not suable or fictitious, (2) and the Second Amended Complaint was a shotgun pleading. (DE [28]). The Court ordered Plaintiff to file an amended complaint on or before September 1, 2026. *Id*. Thereafter, Plaintiff filed a Motion to Stay Proceedings and Deadline to Amend, or Alternatively, Motion for Extension of Time (DE [29]). The Court entered an Order providing Plaintiff with an extension through October 16, 2026 to file an amended complaint. (DE [30]).

When no amended complaint was filed by one week after the deadline, Magistrate Judge Shaw-Wilder issued a Report and Recommendation ("R&R") (DE [33]) on October 23, 2026, recommending that the Second Amended Complaint (DE [25]) be dismissed without prejudice. On November 5, 2026, Plaintiff filed his objections to the R&R, claiming he had no notice of the extension being granted. However, it should be noted that the extension was requested by Plaintiff August 27, 2026, who then took no further action on the case until November 5, 2026 when he filed his objection to the R&R. Review of the

file in this case shows that the Plaintiff's address has remained the same, and that the relevant order was mailed to Plaintiff's address of record, so there is no reason why Plaintiff reasonably did not receive the notice of granting extension when it appears he received all other notices in this case. *See Hart v. Davis*, No. 3:25CV211-TKW-HTC, 2025 WL 4718800, at *1 n.1 (N.D. Fla. Apr. 8, 2025) (where, in relevant portion, the court assumed a document mailed to the party's address of record was received when it was not returned by the post office); *Arrington v. Miami Dade Cnty. Pub. Sch. Dist.*, No. 15-24114-CIV, 2025 WL 782663, at *3 (S.D. Fla. Mar. 12, 2025), *aff'd*, No. 25-13636, 2026 WL 1552129 (11th Cir. June 2, 2026) (denying relief where the court found that the party had failed to demonstrate he had not received notice of an order).

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.*, No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the' court's calendar so that the court can 'achieve the orderly and expeditious disposition of cases.'" *Acosta*, 2025 WL 3897565, at *2.

Magistrate Judge Shaw-Wilder previously ordered Plaintiff to amend his complaint by September 1, 2026. (DE [28]). He failed to do so, which has caused delay in this case. Plaintiff then asked for (DE [29]) and was given an extension until October 16 to amend his complaint (DE [30]), and again he failed to meet that deadline. Although Plaintiff now asks for leave to amend again (DE [34]), since he has been given months to

amend but failed to do so, he is not entitled to another opportunity. Even assuming, arguendo, he did not receive the order granting his extension, Plaintiff was still on notice that he had a deadline to file the operative amended complaint, and failed to do so.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The magistrate judge's Report and Recommendation (DE [33]) is **AFFIRMED** and **ADOPTED**.
2. Plaintiff's Second Amended Complaint (DE [25]) is **DISMISSED WITHOUT PREJUDICE** to file again under separate case number if permitted by law.
3. Should Plaintiff file a new case he shall notify the Clerk that it is related to this case so it will be properly assigned.
4. Plaintiff also shall correct all pleading deficiencies in any new Complaint he chooses to file.
5. The Clerk of Court shall **close** this case and **deny as moot** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 9th day of November 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF and via U.S. mail to:

Steven Butler
19348 E. Levy Street
Williston, FL 32696
Pro Se